IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF _____

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'10 JUL 20 P2:35

CLERK, U.S. DISTRICT COURT
BY:_____ DEPUTY CLERK
AT WICHITA, KS

Civil Action No. _____

10-1234-EFM-GLR

James R. Walbert
330 S. Tyler 605
Wichita Ks 67209,

    VS

Wichita Police Dept
335. N Main
Wichita Ks, 67202.

### COMPLAINT AND JURY DEMAND

Plaintiffs James R. Walbert, by and through their counsel, for their Complaint against the Defendants (Wichita Police Dept), and each of them, states as follows:

1. Plaintiffs are James Walbert who were assaulted, harassed and surveilled by various Employees know and or unknown to the plaintiff of February 1, 2004 and July 1, 2009 of the Defendant for Case # 08-DM-8647.

2. Due to the sensitive nature of the allegations of this Complaint, Plaintiffs are also filing concurrently with this Complaint a Motion to Proceed in Pseudonym, and the specific residence of Plaintiff is not being listed, but will be provided to the Court upon Court order.

3. Upon information and belief, Defendants (Wichita Police Dept), were, at all times pertinent to this complaint, employees of Defendant (Wichita Police Dept). As also stated, failed to uphold the protocol of duty as stated by law.

4. Upon information and belief, Employees by the Defendant Jeremiah Redford in the first filing of the Protection from Stalking Order, This for the filing of said doings as to the Negligence of "Duty against Defendant (Wichita Police Dept) of Wichita Ks. For non Protection and upholding of Stated and issued PFS Order. Case # 08-DM-8647, which is clearly covered in this complaint.

   A) Whose identities are currently listed in the Protection from Stalking Order, formerly and/or currently employed and under the supervision and control of the Defendant of Case # 08-DM-8647.

5. At all times pertinent to the within Complaint of the Plaintiff, and each of them, were acting under color of state law, in the performance of their duties. Living in the privacy of their lives. The report to the Defendants (Wichita Police Dept) for whom the filing of this complaint as causation of damages due to the Negligence of Duty of the Defendant (Wichita Police Dept).

6. Between the dates of Feb 1 2004 and July 1 2008,

Wichita Police Dept of Wichita Ks, as employees of Defendant (Wichita Police Dept) of this filed complaint, received several complaints and reports that Plaintiff, was being subjected to physical assaults, malicious prosecution, surveillance and other attacks at the hands of Said Defendant for the Case concerning the Protection From Stalking order Case # 08-DM-8647 and no such involvement in the stopping of the doings of the Defendant in the Case # 08-DM-8647. In where the Defendant for the Case # 08-DM-8647 was in violation of the said PFS Case # 08-DM-8647. Per the request to the courts of the Sedgwick County Wichita Ks 67202. To be restrained for the use of such devices for the causation of said damages in this complaint.

7. Despites such reports and complaints that Plaintiff was being subjected to assaults, from the defendant of Case # 08-DM-8647, and Named Defendant (Wichita Police Dept), failed to take action to protect Plaintiff from such assaults and said exposure's to such technologies as requested of Plaintiff as outlined in the Case # 08-DM-8647.

8. As a result of Defendants (Wichita Police Dept) Negligence, and each of their, failure to take action to protect Plaintiff from the assaults based upon reports and complaints, Plaintiff was continually brutally assaulted particularly.

9. Upon information and belief, Defendant for the Case # 08-DM-8647, was to have a policy concerning the supervision, control and/or direction of the employees of the Defendant for the Case # 08-DM-8647.

A. Defendant (Wichita Police Dept), for the cause of action and/or procedures which should be followed in matters involving the Defendant of Case # 08-DM-8647, particularly with respect to reports and/or complaints by the Plaintiff. No Protocol of (Wichita Police Dept) was ever taken for the enforcement of the Protection from Stalking Order as stated in Case # 08-DM-8647. Instead outlandish reports were filed by the Defendants (Wichita Police Dept). Plaintiff has stated as the feeling of such reports being processed by the Defendant (Wichita Police Dept). Are as stated in this course of action against Defendant (Wichita Police Dept)

10. Upon information and belief, Defendant (Wichita Police Dept) failed to act in accordance with policies and procedures in the supervision, control and/or direction of employees (Wichita Police Dept) particularly with respect to reports and/or complaints by Plaintiff.

11. As a result of the actions and inactions of the Defendants (Wichita Police Dept) and each of them, Plaintiffs, were subjected to cruel and unusual doings, danger, and other violations that are pertinent to the Case # 08-DM-8647 and other acts of violence in violation of the Eighth and Fourteenth Amendment to the United States Constitution.

12. The actions and inactions of the Defendants of stated Defendant of Case # 08-DM-8647 and each of them were willful, wanton, done heedlessly, recklessly and with total disregard of the rights of others, including, but not limited to, the Plaintiff. As outlined in the Truth and Testimony letters that are issued to the Plaintiff.

13. Under the FTCA, the plaintiff alleges the following causes of action: assault, battery, abuse of process, intentional infliction of emotional distress, and negligent infliction of emotional distress, negligent training of employees of Defendant (Wichita Police Dept), and negligent supervision on behalf of the (Wichita Police Dept).

A. Civil rights violations under 42 USC § 1985(3) (conspiracy to deprive individuals of their civil rights), to the investigations of said crime as stated in course of action against the Defendant for Case # 08-DM-8647.

B. 42 USC § 1986 (negligence in failing to prevent a conspiracy to deprive an individual of his civil rights) Additionally, Count II alleges violations of the plaintiff's Fourth, Fifth, Sixth, and Eighth Amendments Rights. As outlined in this complaint against the current Defendant (Wichita Police Dept) for the Negligence of Duty.

14. As a direct and proximate result of the within incident and the actions and/or inactions of Defendants of Case # 08-DM-8647, and each of them, Plaintiffs have sustained, and will continue to sustain, personal injuries and damages including but not limited to medical, Intellectual Properties and other expenses, pain and suffering, loss of enjoyment of life, emotional distress, anger, frustration, all of which are continuing in nature.

Due to the Negligence of Duty on behalf of Defendants (Wichita Police Dept) for not enforcing the protocol of criminal punishment for violation of stated and issued order of Case # 08-DM-8647, for the restraint of use of such devices and said technologies that are stated as such in the request to the courts of Sedgwick County, of Wichita Ks. Plaintiffs has incurred additional damages in an amount to be determined at trial.

15. The acts of the Defendants of Case # 08-DM-8647 as set forth above were intentional, wanton, willful, malicious and oppressive, thus entitling Plaintiffs to an award of exemplary damages. From the Defendants of this compliant for the Negligence of Duty (Wichita Police Dept)

WHEREFORE,
Plaintiff prays for relief and judgment on his claims as follows:

A. Judgment to be entered in favor of Plaintiff, and against Defendants (Wichita Police Dept), and each of them, for compensatory damages on both the federal and state claims in an amount to be determined at trial;

B. For attorney's fees and costs pursuant to 42 U.S.C. 1988; any all damages that were sustain by the Plaintiff that are concurrent with this complaint against the Defendant (Wichita Police Dept)

C. For costs, interest, both pre judgment and post judgment, witness fees, expert witness fees, attorneys' fees, and such other and further relief as the court deems just and proper.

D. For the cost and the compensation of Intellectual Property Damages of Plaintiff.

E. The Compensation to the Investor's of such stated Intellectual Properties of Plaintiff.

*James R Wallat*
*7-20-2010*

*I designated Wichita, KS for trail of this case.*