IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

James R. Walbert.

      Plaintiff

  vs.

                      Civil Action 10-1234-EFM-GLR

Wichita Police Department.

      Defendant.

### Motion To Enforce ADR Order

Comes Now the Plaintiff, Plaintiff James R.Walbert is seeking to enforce this court's order requiring that both parties make a "Good Faith Settlement Offer." Plaintiff complied and submitted his offer to Defendant on November 18, 2010. Defendant had until December 18th, which fell on a week end making the due date, December 20th. Defendant has failed and refused to make a "Good Faith Settlement Offer" because Defendant's attorney insists that she will wait until the Court has ruled on the pending Motion to Dismiss. The Court specifically ruled that a good faith effort was to proceed by ADR in advance of a ruling on the Motion to Dismiss, Discover and Disclosures. The time period is now running and the Court expects the parties to have completed ADR by January 4, 2011 and to report progress of settlement by that date. The only report that can be made at this point is that ADR did not go forward because Defendant failed and refused to comply with prior court orders. Plaintiff seeks an immediate order enforcing the prior order, compelling Defendant to make a "Good Faith Settlement Offer" and otherwise participate in meaningful ADR prior to January 4, 2011, or to impose sanctions upon Defendant and its counsel for refusal to obey the prior ADR Order.

### Provision's of ADR order

  As is stated in the order issued of this court, is as follows. The Defendant agreed with the Plaintiff as to the court's order ADR action. On the 18th Of October 2010 parties had met on this ADR order of this court. Upon that date parties had agreed to enter the ordered ADR action. The parties then drew up the agreement and filed such agreements with this court on 10-18-2010. In this agreement Defendant states that Plaintiff is to issue a Good Faith Settlement Offer to Defendant no later then 11-18-2010. Plaintiff has complied with this ADR agreement as to the courts order as well; Plaintiff has issued such "Good Faith Proposal" to Defendant by stated date.

  According to the ADR order and Defendants agreement and the Court's Order , the Defendant is also to issue a Good Faith Settlement Proposal to Plaintiff by or on 12-18-2010,so that the parties can enter into meaningful settlement negotiations in a mediated ADR conference,

1

otherwise the Court's ADR Order has no meaning. The Defendants is in clear violation of the ADR order issued of this court, as well as the violation of Defendants own agreement.

As to the action of the Plaintiff requests for enforcement of ADR Order, Plaintiff requests a forthwith in person hearing, or a forthwith telephonic hearing, to determine what course of action is to be taken in light of Defendant's deliberate action in defiance of said Order.

Plaintiff would also like to point out the Defendants actions are a clear violation of the Defendants own agreement. Defendant's attorney has sent a letter stating that the police department is not a legal entity (see Exhibit A, attached). That is not a good faith settlement offer, it is a position statement about a procedural matter in joining the correct party. See Plaintiff's Motion to Amend to join the City, which is the legal that oversees the Wichita Police Department. The City can be joined and substituted for the police department in the stroke of a pen, but the time to settle, in good faith, is quickly elapsing.

Plaintiff not only presented Defendant with a Good Faith Settlement Offer in a timely manner, it has also corresponded with Defendant to determine why Defendant has not complied with the ADR Order.  Such communications between Plaintiff and Defendant were good faith efforts by Plaintiff at resolving this issue. Please see Exhibits B, C and D attached.

Conclusion

Plaintiff has not received a "Good Faith Proposal Settlement Offer" from Defendant in that no offer has been received.  Please see Exhibit A, which is not an offer.

Defendant has claimed that Defendant's client is not a legal entity subject to suit. This claim of the Defendants does not satisfy this court ordered ADR violation of the Defendant.

Defendant has agreed to enter into the ADR process, but that agreement is illusory and since no offer has been made by the City, no progress can be made in settlement.

Therefore Defendant is in clear violation of the court ordered ADR process as well as the Defendants own agreement as issued to the courts on 10-18-2010.

Plaintiff now moves not only for enforcement of the ADR Order, but also for sanctions against Defendant as appropriate under Fed. R. Civ. Pro. Rule 11. In light of such a clear violation by the Defendant, Plaintiff also moves to Sanction Defendant for such Non-Compliance of this court ordered ADR process, obstructing the process and disobedience to the order as well as breach of the Defendants own agreement to enter into ADR.

Respectfully Submitted, 12-20-2010

I swear under penalty of perjury that upon my own personal knowledge, the statements contained herein are true based upon information and belief.

_____
James Walbert

Certificate of Service

I certify that I have served a true and correct copy of the above document upon counsel for Defendant , Ms. S. Dickgrafe: SDickgrafe@wichita.gov

_____
James Walbert

And I have emailed a copy to Judge Rushfelt for filing with the Court as is instructed in such ADR orders;  to Judge Rushfelt <ksd_rushfelt_chambers@ksd.uscourts.gov>;

3