FIRST REGULAR SESSION

# HOUSE BILL NO. 550

## 95TH GENERAL ASSEMBLY

INTRODUCED BY REPRESENTATIVES GUEST (Sponsor), RUESTMAN, McGHEE, PACE, SCHAAF AND SANDER (Co-sponsors).

1069L.01I                                                                                                                    D. ADAM CRUMBLISS, Chief Clerk

### AN ACT

To amend chapter 537, RSMo, by adding thereto one new section relating to actions for damages for coerced subcutaneous implantation of an identification device.

*Be it enacted by the General Assembly of the state of Missouri, as follows:*

Section A. Chapter 537, RSMo, is amended by adding thereto one new section, to be
2 known as section 537.043, to read as follows:

**537.043. 1. As used in this section, the following terms shall mean:**

2 **(1) "Identification device", any item, application, or product that is passively or**
3 **actively capable of transmitting personal information, including but not limited to, devices**
4 **using radio frequency technology or any electronic device used to track, harass, or**
5 **download information without permission;**
6 **(2) "Person", an individual, business association, partnership, limited partnership,**
7 **corporation, limited liability company, trust, estate, cooperative association, or other**
8 **entity;**
9 **(3) "Personal information", includes any of the following data elements to the**
10 **extent they are used alone or in conjunction with any other information used to identify**
11 **an individual:**
12 **(a) E-mail, internet protocol, or web site address;**
13 **(b) Date of birth;**
14 **(c) Driver's license number or Missouri identification card number;**
15 **(d) Any unique personal identifier number contained or encoded on a driver's**
16 **license or identification card issued;**

EXPLANATION — Matter enclosed in bold-faced brackets **[**thus**]** in the above bill is not enacted and is intended to be omitted from the law. Matter in **bold-face** type in the above bill is proposed language.

H.B. 550                                                              2

17      **(e)  Bank, credit card, or other financial institution account number;**
18      **(f)  Any unique personal identifier contained or encoded on a health insurance,**
19  **health benefit, or benefit card or record issued in conjunction with any government-**
20  **supported aid program;**
21      **(g)  Religion;**
22      **(h)  Ethnicity or nationality;**
23      **(i)  Photograph;**
24      **(j)  Fingerprint or other biometric identifier;**
25      **(k)  Social Security number;**
26      **(l)  Any other unique personal identifier;**
27      **(4) "Require, coerce, or compel", includes physical violence, threat, intimidation,**
28  **retaliation, the conditioning of any private or public benefit or care on consent to**
29  **implantation, including employment, promotion, or other employment benefit, or by any**
30  **means that causes a reasonable person of ordinary susceptibilities to acquiesce to**
31  **implantation when he or she otherwise would not, but does not include legitimate medical**
32  **uses for which the patient or his or her guardian or parent has consented;**
33      **(5) "Subcutaneous", existing, performed, or introduced under or on the skin.**
34      **2. A person shall not require, coerce, or compel any other individual to undergo the**
35  **subcutaneous implanting of an identification device.**
36      **3. Any person who violates the provisions of subsection 2 of this section may be**
37  **assessed an initial civil penalty of no more than ten thousand dollars and no more than one**
38  **thousand dollars for each day the violation continues until the deficiency is corrected. That**
39  **civil penalty may be assessed and recovered in a civil action brought in any court of**
40  **competent jurisdiction.  The court may also grant a prevailing plaintiff reasonable**
41  **attorney's fees and litigation costs, including but not limited to, expert witness fees and**
42  **expenses as part of the costs.**
43      **4. A person who is implanted with a subcutaneous identification device in violation**
44  **of the provisions of subsection 2 of this section may bring a civil action for actual damages,**
45  **compensatory damages, punitive damages, injunctive relief, any combination of those, or**
46  **any other appropriate relief.**
47      **5. Additionally, punitive damages may also be awarded upon proof of the**
48  **defendant's malice, oppression, fraud, or duress in requiring, coercing, or compelling the**
49  **plaintiff to undergo the subcutaneous implanting of an identification device.**
50      **6. An action brought under this section shall be commenced within three years of**
51  **the date upon which the identification device was implanted.**

H.B. 550                                                                 3

52      **7. If the victim was an incompetent, a dependent adult, or minor when the**
53   **implantation occurred, actions brought under this section shall be commenced within three**
54   **years after the date the plaintiff, or his or her guardian or parent, discovered or reasonably**
55   **should have discovered the implant, or within eight years after the plaintiff attains the age**
56   **of majority, whichever date occurs later.**
57      **8. The statute of limitations shall not run against an incompetent, a dependent**
58   **adult, or minor plaintiff simply because a guardian ad litem has been appointed. A**
59   **guardian ad litem's failure to bring a plaintiff's action within the applicable limitation**
60   **period will not prejudice the plaintiff's right to do so.**
61      **9. A defendant is estopped from asserting a defense of the statute of limitations**
62   **when the expiration of the statute is due to conduct by the defendant inducing the plaintiff**
63   **to delay the filing of the action, or due to threats made by the defendant causing duress**
64   **upon the plaintiff.**
65      **10. For purposes of implantation only, any interested person may file a petition for**
66   **an order or judgment declaring an incompetent or minor free from the control of a parent**
67   **or guardian who is requiring or preventing implantation of an identification device. The**
68   **court shall consider that petition in light of applicable law with respect to the best interests**
69   **of the incompetent or minor.**
70      **11. Any restitution paid by the defendant to the victim shall be credited against any**
71   **judgment, award, or settlement obtained under this section.**
72      **12. The provisions of this section shall be liberally construed so as to protect**
73   **privacy and bodily integrity.**
74      **13. Actions brought under this section are independent of any other actions,**
75   **remedies, or procedures that may be available to an aggrieved party under any other law.**
76      **14. The provisions of this section shall not in any way modify existing statutory or**
77   **case law regarding the rights of parents or guardians, the rights of children or minors, or**
78   **the rights of dependent adults.**

✓