AMENDED IN ASSEMBLY JUNE 27, 2007

AMENDED IN SENATE APRIL 24, 2007

AMENDED IN SENATE APRIL 9, 2007

AMENDED IN SENATE MARCH 26, 2007

# SENATE BILL          No. 362

**Introduced by Senator Simitian**

February 20, 2007

An act to add Section 52.7 to the Civil Code, relating to identification devices.

LEGISLATIVE COUNSEL'S DIGEST

SB 362, as amended, Simitian. Identification devices: subcutaneous implanting.

Existing law accords every person the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his or her personal relations, subject to the qualifications and restrictions provided by law.

This bill would prohibit a person from requiring, coercing, or compelling any other individual to undergo the subcutaneous implanting of an identification device, as defined. The bill would provide for the assessment of civil penalties for a violation thereof, as specified, and would allow an aggrieved party to bring an action against a violator for damages and injunctive relief, subject to a 3-year statute of limitation, or as otherwise provided. ~~The bill would also allow an interested party to petition the court on behalf of an incompetent or minor upon specified circumstances.~~

Vote:  majority.  Appropriation:  no.  Fiscal committee:  no. State-mandated local program:  no.

95

**SB 362** — 2 —

*The people of the State of California do enact as follows:*

1   SECTION 1. Section 52.7 is added to the Civil Code, to read:
2   52.7. (a) A *Except as provided in subdivision (g), a* person
3 shall not require, coerce, or compel any other individual to undergo
4 the subcutaneous implanting of an identification device.
5   (b) (1) Any person who violates subdivision (a) may be assessed
6 an initial civil penalty of no more than ten thousand dollars
7 ($10,000), and no more than one thousand dollars ($1,000) for
8 each day the violation continues until the deficiency is corrected.
9 That civil penalty may be assessed and recovered in a civil action
10 brought in any court of competent jurisdiction. The court may also
11 grant a prevailing plaintiff reasonable attorney's fees and litigation
12 costs, including, but not limited to, expert witness fees and
13 expenses as part of the costs.
14   (2) A person who is implanted with a subcutaneous identification
15 device in violation of subdivision (a) may bring a civil action for
16 actual damages, compensatory damages, punitive damages,
17 injunctive relief, any combination of those, or any other appropriate
18 relief.
19   (3) Additionally, punitive damages may also be awarded upon
20 proof of the defendant's malice, oppression, fraud, or duress in
21 requiring, coercing, or compelling the plaintiff to undergo the
22 subcutaneous implanting of an identification device.
23   (c) (1) An action brought pursuant to this section shall be
24 commenced within three years of the date upon which the
25 identification device was implanted.
26   (2) If the victim was an incompetent *a dependent adult* or minor
27 when the implantation occurred, actions brought pursuant to this
28 section shall be commenced within three years after the date the
29 plaintiff, or his or her guardian or parent, discovered or reasonably
30 should have discovered the implant, or within eight years after the
31 plaintiff attains the age of majority, whichever date occurs later.
32   (3) The statute of limitations shall not run against an incompetent
33 *a dependent adult* or minor plaintiff simply because a guardian ad
34 litem has been appointed. A guardian ad litem's failure to bring a
35 plaintiff's action within the applicable limitation period will not
36 prejudice the plaintiff's right to do so.
37   (4) A defendant is stopped *estopped* to assert a defense of the
38 statute of limitations when the expiration of the statute is due to

1 conduct by the defendant inducing the plaintiff to delay the filing
2 of the action, or due to threats made by the defendant causing
3 duress upon the plaintiff.
4 ~~(d) (1) For purposes of implantation only, any interested person~~
5 ~~may file a petition for an order or judgment declaring an~~
6 ~~incompetent or minor free from the control of a parent or guardian~~
7 ~~who is requiring or preventing implantation of an identification~~
8 ~~device.~~
9 ~~(2) The court shall consider that petition in light of applicable~~
10 ~~law with respect to the best interests of the incompetent or minor.~~
11 ~~(e)~~
12 *(d)* Any restitution paid by the defendant to the victim shall be
13 credited against any judgment, award, or settlement obtained
14 pursuant to this section. Any judgment, award, or settlement
15 obtained pursuant to an action under this section shall be subject
16 to the provisions of Section 13963 of the Government Code.
17 ~~(f)~~
18 *(e)* The provisions of this section shall be liberally construed
19 so as to protect privacy and bodily integrity.
20 ~~(g)~~
21 *(f)* Actions brought pursuant to this section are independent of
22 any other actions, remedies, or procedures that may be available
23 to an aggrieved party pursuant to any other law.
24 *(g) This section shall not in any way modify existing statutory*
25 *or case law regarding the rights of parents or guardians, the rights*
26 *of children or minors, or the rights of dependent adults.*
27 (h) For purposes of this section:
28 (1) "Identification device" means any item, application, or
29 product that is passively or actively capable of transmitting
30 personal information, including, but not limited to, devices using
31 radio frequency technology.
32 (2) "Person" means an individual, business association,
33 partnership, limited partnership, corporation, limited liability
34 company, trust, estate, cooperative association, or other entity.
35 (3) "Personal information" includes any of the following data
36 elements to the extent they are used alone or in conjunction with
37 any other information used to identify an individual:
38 (A) First or last name.
39 (B) Address.
40 (C) Telephone number.

**SB 362**          — 4 —

1   (D) E-mail, Internet Protocol, or Web site address.
2   (E) Date of birth.
3   (F) Driver's license number or California identification card
4 number.
5   (G) Any unique personal identifier number contained or encoded
6 on a driver's license or identification card issued pursuant to
7 Section 13000 of the Vehicle Code.
8   (H) Bank, credit card, or other financial institution account
9 number.
10   (I) Any unique personal identifier contained or encoded on a
11 health insurance, health benefit, or benefit card or record issued
12 in conjunction with any government-supported aid program.
13   (J) Religion.
14   (K) Ethnicity or nationality.
15   (L) Photograph.
16   (M) Fingerprint or other biometric identifier.
17   (N) Social security number.
18   (O) Any unique personal identifier.
19   (4) "Require, coerce, or compel" includes physical violence,
20 threat, intimidation, retaliation, the conditioning of any private or
21 public benefit or care on consent to implantation, including
22 employment, promotion, or other employment benefit, or by any
23 means that causes a reasonable person of ordinary susceptibilities
24 to acquiesce to implantation when he or she otherwise would not~~,~~
25 ~~but does not include legitimate medical uses for which the patient~~
26 ~~or his or her guardian or parent has consented.~~.
27   (5) "Subcutaneous" means existing, performed, or introduced
28 under or on the skin.

O