# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

JAMES R. WALBERT,            )
                             )
            Plaintiff,       )    **CIVIL ACTION**
                             )
v.                           )    No.  10-1234-MLB
                             )
WICHITA POLICE DEPARTMENT,   )
                             )
            Defendant.       )
                             )

## **MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant Wichita Police Department's motion to dismiss (Doc. 9);

2. Defendant's memorandum in support of its motion to dismiss (Doc. 10); and

3. Plaintiff James Walbert's pro se response (Doc. 19).

Also before the court are:

4. Walbert's motion for leave to amend (Doc. 22);

5. Walbert's amended complaint (Doc. 22-1);

6. Defendant's response (Doc. 24); and

7. Walbert's reply to defendant's response (Doc. 27).

James Walbert filed suit against The Wichita Police Department alleging violations of civil rights under 42 U.S.C. § 1985(3), 1986, and the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Walbert also asserts state law claims of negligence, breach of contract, assault, battery, and intentional infliction of emotional distress. Defendant moved to dismiss and now Walbert seeks leave to amend his complaint to join the City of Wichita and 17 John

Doe defendants as parties. Further, Walbert wishes to add a violation of 42 U.S.C. § 1983 to the complaint. Defendant opposes the motion because it would be futile.

**I.      FACTS AND PROCEDURAL HISTORY**

Walbert commenced this lawsuit July 20, 2010. He alleged the Wichita Police Department violated his civil rights by failing to investigate his criminal complaint and enforce a protection order against Jeremiah Redford. Walbert apparently believes that Redford had inserted an electronic device into his body, which supposedly caused him great pain and prevented Walbert from developing an invention having to do with a "pop-up" soda can.

**II.      MOTION TO DISMISS STANDARD: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). However, leave to amend a deficient complaint may be denied when the amended

complaint cannot withstand a motion to dismiss. <u>Hom v. Squire</u>, 81 F.2d 969, 973 (10th Cir. 1966).

**III.   PLAINTIFF'S <u>PRO</u> <u>SE</u> STATUS**

The court is mindful that plaintiff is proceeding <u>pro</u> <u>se</u>. It has long been the rule that <u>pro</u> <u>se</u> pleadings, including complaints, must be liberally construed. <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); <u>Hill v. Corrections Corp. of America</u>, 14 F. Supp. 2d 1235, 1237 (D. Kan. 1998). This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction. <u>See</u> <u>Hall</u>, 935 F.2d at 1110. Liberal construction does not, however, require this court to assume the role of advocate for the <u>pro</u> <u>se</u> litigant. <u>See</u> <u>id.</u> A plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district. <u>See</u> <u>id.</u>; <u>Hill</u>, 14 F. Supp.2d at 1237. A <u>pro</u> <u>se</u> litigant is still expected to follow fundamental procedural rules. <u>Ogden v. San Juan County</u>, 32 F.3d 452, 455 (10th Cir. 1994).

**IV.   PLAINTIFF'S PROPOSED 42 U.S.C. § 1983 CLAIM:**

Walbert asserts that defendants violated his civil rights by refusing to investigate a criminal complaint against Redford and to enforce a protection from abuse order. To state a valid 42 U.S.C. § 1983 claim, a plaintiff must allege that he was denied a valid civil right secured by the Constitution or federal law. <u>Adickes v. S.H. Kress & Co.</u>, 90 S.Ct 1598, 1604 (1970).

**1. Plaintiff's Failure to Protect and Enforce Claim:**

Walbert asserts that defendants violated his Fifth Amendment Due

Process right to be protected from third parties and to have a protection from abuse order enforced. Defendants respond that Walbert does not have such constitutional rights, and therefore cannot base a claim on them.

The Supreme Court in <u>DeShaney v. Winnebago Cty. Dept. Of Social Services</u>, 109 S.Ct 998, 1003 (1989) clearly stated:

> [n]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. . . its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.

The court solidified this notion when it explained that the Due Process clause confers no affirmative right to government aid, even if necessary to secure life, liberty, or property. <u>Id.</u> Finally, the Supreme Court failed to find any cognizable right to have a protection from abuse order enforced. <u>Castle Rock v. Gonzalez</u>, 125 S.Ct. 2796, 2810 (2005). *See also* <u>Duerksen v. City of Wichita</u>, 2006 WL 1095451 (D. Kan. 2006).

### 2. Plaintiff's First Amendment Claim:

Walbert claims that the defendants deprived him of his First Amendment right to free speech because he allegedly was ridiculed and demeaned by the Wichita Police in response to his complaint against Redford. Walbert also claims that the police failed to enforce the protection order as a retaliatory response to his exercise of his First Amendment right.

The Tenth Circuit requires the showing of three elements to

-4-

state a valid First Amendment retaliation claim: 1)the plaintiff was engaged in a constitutionally protected activity; 2)the defendant caused an injury that would "chill" a person of ordinary firmness from engaging in that activity; 3)the defendant's adverse actions was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. <u>Worrel v. Henry</u>, 219 F.3d 1197, 1212 (10th Cir. 2000); *see also* <u>Nielander v. Board of County Com'rs of Republic Kansas</u>, 582 F.3d 1155, 1165 (10th Cir. 2009). Walbert has failed to adequately plead these elements and cannot plead any facts that could show that the defendant's conduct would "chill" a person of ordinary firmness from engaging in speech. Furthermore, Walbert provided no facts supporting the assertion that the failure to enforce the his protection order was motivated by his exercise of free speech.

### 3. Plaintiff's Fourth and Eighth Amendment Claims

Walbert asserts that defendants deprived him of his Fourth and Eighth amendment rights. He claims that he was subjected to cruel and unusual punishment when defendants failed to protect him by not enforcing the protection order, and failed to provide him medical care. He does not explain how he was deprived of his Fourth Amendment rights.

Both of these claims must fail. An Eighth Amendment cruel and unusual punishment claim requires that the claimant be in state custody for the violation to occur. <u>DeShaney</u>, 109 S.Ct. at 1005-06. Similarly, a Fourth Amendment violation also requires that the plaintiff actually be "seized" by the state. <u>Becker v. Kroll</u>, 494

-5-

F.3d 904, 915 (10th Cir. 2007); Nielander, 582 F.3d at 1165. Walbert provided no facts in his amended complaint that he was ever in the custody of the state.

**4. Plaintiff's Sixth Amendment Claim**

Walbert claims that defendants deprived him of his Sixth Amendment rights under the constitution, but fails to allege any facts to support this assertion.

## V. PLAINTIFF'S 42 U.S.C. § 1985(3) AND 1986 CLAIMS

Walbert claims that the Wichita Police Department and its officers conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1985(3) and that the City of Wichita failed to prevent this conspiracy from occurring in violation of 42 U.S.C. § 1986.

For a plaintiff to adequately state a claim under these statutes, he must show: 1)a conspiracy; 2)to deprive the plaintiff of equal protection or equal privileges and immunities; 3)an act in furtherance of the conspiracy; and 4)an injury or deprivation resulting therefrom. Griffin v. Breckenridge, 91 S.Ct. 1790, 1798-99 (1971); Murray v. City of Sapulpa, 45 F.3d. 1417, 1423 (10th Cir. 1995). Furthermore, a plaintiff must assert that the violation was due to his membership in a protected class, and not due to personal animus. Griffin, 91 S.Ct. at 1798; Tilton v. Richardson, 6 F.3d 1417, 1423 (10th Cir. 1995). Finally, if a 42 U.S.C. § 1985(3) claim is insufficient, a claim under 42 U.S.C. § 1986 must also fail. Drake v. City of Fort Collins, 927 F.2d 1156, 1163 (10th Cir. 1991).

Walbert has failed to state a claim under 42 U.S.C. § 1985(3). First, the preceding sections of this opinion establish that defendants have not deprived Walbert of his Equal Protection rights. Therefore, it follows that they could not have conspired to do so. Second, Walbert failed to assert that he is part of a protected class of persons, a requirement to state a claim under 42 U.S.C. § 1985(3). Next, Walbert failed to adequately allege that an actual conspiracy existed between the defendants. While he states that a conspiracy existed, he provides no factual assertions to bolster this claim. Conclusory allegations without factual support are insufficient to state a claim under 42 U.S.C. § 1985(3). Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). Finally, because Walbert has not stated a valid 42 U.S.C. § 1985(3) claim, his 42 U.S.C. § 1986 must also fail.

## VI    CONCLUSION

For the reasons stated herein, Walbert's federal claims as set forth in his proposed amended complaint fail to state any cognizable federal claim. His application for leave to amend is denied. The court declines to exercise supplemental jurisdiction over the remaining state claims. Defendants' motion to dismiss is granted.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting

the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   21st   day of June 2011, at Wichita, Kansas.

                                                  s/ Monti Belot
                                                  Monti L. Belot
                                                  UNITED STATES DISTRICT JUDGE